UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENNIS STRONG,

       Plaintiff,

v.              Case No. 19-cv-436-pp

STATE OF WISCONSIN,
DEPARTMENT OF CORRECTIONS,
WARDEN MICHAEL MEISNER,
PAUL KEMPER, TERRY SAWALL
C.O. JANE DOE, C.O. JOHN DOE #1
and C.O. JOHN DOE #2,

       Defendants.

## ORDER GRANTING MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING PLAINTIFF'S COMPLAINT

  Plaintiff Dennis Strong, who is representing himself, filed a complaint on alleging that the defendants violated his civil rights under 42 U.S.C. §1983 when they retaliated against him for making complaints against prison staff and sexually harassed him. This order resolves the plaintiff's motion to proceed without prepaying the filing fee and screens his complaint.

A. *Motion to Proceed without Prepaying the Filing Fee*

  The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his case without prepaying the civil case filing fee if he meets certain conditions. One of

those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On April 4, 2019, the court ordered the plaintiff to pay an initial partial filing fee of $0.52 by April 25, 2019. Dkt. No. 6. The court received $1.00 from the plaintiff on April 15, 2019. The court will grant the plaintiff's motion for leave to proceed without prepayment of the filing fee, and allow him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

B.   *Screening of the Complaint*

Federal law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §1915A(a). The court must dismiss a complaint, or part of the complaint, if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that

allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To proceed under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court will give a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

1. Allegations in the Complaint

After he was convicted in March 2018, the plaintiff went to Dodge Correctional Institution. Dkt. No. 1-1 at 1.[1] A few months later, he was transferred to Red Granite Correctional Institution. Id. The plaintiff alleges that once he was transferred to Red Granite, defendant Security Captain Terry Sawall put him in solitary confinement "as an alleged subsequent result of a

---

[1] The court takes this information from a document entitled "Statement of Facts in Support of Cause of Action and Relief Sought" which was included as an exhibit to the plaintiff's complaint and incorporated by reference. Dkt. No. 1-1. The plaintiff also attached to the complaint Form DOC-78A, "Summary of Confidential Statements" and incorporated it by reference. Dkt. No. 1-2. Because courts should liberally construe *pro se* filings and afford *pro se* plaintiffs leniency in procedural matters, which includes consideration of materials attached to complaints, see Otis v. Demarasse, 886 F.3d 639, 644-645 (7th Cir. 2018) (finding that supplemental materials implicitly incorporated the first amended complaint by reference and screening the complaint based on both the first amended complaint and supplemental materials), the court also has considered the facts in this document.

pending investigation into plaintiff . . . and several other inmates to have filed reports of staff misconduct" at the prison. Id. at 2. The plaintiff alleges that while he was in solitary, someone gave him Form DOC-78A, "Summary of Confidential Informant Statements" "which original statements [the plaintiff] had been advised were reduced to affidavit form with a swearing to an oath thereof before a notary public." Id. at 2. The court is not sure what this means, but the plaintiff attached the document to which he refers; it appears to contain statements from three un-named inmates indicating that the plaintiff attempted to induce them to make false claims of staff misconduct and to make false claims under the Prison Rape Elimination Act. Dkt. No. 1-2. The plaintiff swears under oath that the statements in the Summary of Confidential Informant Statements "are untruthful." Dkt. No. 1-3. The plaintiff says, however, that the Summary of Confidential Informant Statements was used to start a disciplinary action against him. Dkt. No. 1-1 at 2.

The plaintiff alleges that there was a disciplinary hearing on October 12, 2018. Id. at 3. He says that at the hearing, "Defendant Sawall testified to have generated the confidential informant affidavits after conducting interviews of [3] unidentified inmates labeled as confidential informants #1, #2 and #3 in the [DOC 78-A] form Summary of Confidential Informant Statements document." Id. The plaintiff alleges that Sawall took "deliberate and intentional actions to undermine the accurate and truthful findings to the staff misconduct complained of by plaintiff . . . and other inmates," and that Sawall had "generated disingenuous and untruthful documentation in an effort to conceal

wrongdoing of state actors." Id. He alleges that Sawall "knowingly and strategically" elicited the statements "to be false in an effort to obstruct, impeded, frustrate and undermine the integrity of an investigation into bona fide complaints of multiple state employees to have violated" federal laws and regulations, and that Sawall did this to punish the plaintiff for having filed the complaints against these multiple employees. Id. at 4. The plaintiff says that on October 12, 2018, he was found guilty of "lying about an employee." Id. at 3.

The plaintiff alleges that ten days later, on October 22, 2018, he swore in an affidavit before a notary public that the statements contained in the Summary of Confidential Statements were untruthful. Id. at 4. He alleges that he submitted the affidavit to defendant Michael Meisner, warden at Red Granite, along with an appeal of the finding of guilt from the disciplinary hearing. Id. at 5. On November 12, 2018, defendant Meisner affirmed the results of the plaintiff's disciplinary action. Id.

A few days before Meisner denied the plaintiff's appeal, the plaintiff was transferred to Racine Correctional Institution. Id. at 6. The plaintiff states that because of the disciplinary action, he was placed in solitary confinement at Racine and that he remained there until February 1, 2019. Id. He does not identify the Racine staff member who ordered in placed in solitary.

While at Racine, plaintiff alleges that three corrections officers subjected him to sexual misconduct and harassment. Id. He states that in December 2018, a female corrections officer whom he identifies as Jane Doe approached his cell in solitary confinement and told him the following joke: "What is the

5

difference between a snowman and a snowwoman? Snowballs." Id. The plaintiff considered this a specific reference to the "private body parts of the male gender." Id. The plaintiff alleges that during a routine medical pass that same month, a male corrections officer described as John Doe #1 told the plaintiff that "a topical skin care hydrating ointment [was] being provided to plaintiff . . . by HSU medical staff for the purpose of use for plaintiff . . . to masturbate." Id. at 7. Finally, the plaintiff alleges that in January 2019, another male corrections officer described as John Doe #2 asked the plaintiff if he had some Vaseline, and then proceeded to give him a copy of "Hustler," a pornographic magazine. Id. at 7-8. The plaintiff states that the actions of John Doe #2 violated prison policy and Wis. Stat. §302.095 and constituted a "class I felony" under Wisconsin state law. Id. at 8.

The plaintiff asserts that there was a "socially acceptable and cultural norm at [RCI] of the above actions of each correctional officers." Id. at 9. He also alleges that there was "failure to adequately train and intervene to prevent such actions," and says that he has named the Racine warden, Paul Kemper, as a defendant for that reason. Id. He indicates that he has sued the State of Wisconsin and the Department of Corrections for allowing such a widespread culture of sexual harassment. Id. at 10. He indicates that all the defendants violated his Eight Amendment right to be free from cruel and unusual punishment, id. at 9-10, and that Meisner and Sawall violated his First Amendment and due process rights by retaliating against him for reporting staff misconduct, id. at 10. The plaintiff seeks $110,000,000 in compensatory

6

damages and $110,000,000 in punitive damages, totaling $220,000,000, for the alleged retaliation and sexual harassment. Id. at 11. He also asks the court to overturn the result of his disciplinary action. Id. at 12.

2. Analysis

The plaintiff's complaint makes claims arising out of two, separate events that occurred at different times in different places—(1) he claims that Sawall and Meisner caused him to be placed into solitary confinement at Red Granite in retaliation for his filing complaints of staff misconduct (and that this also caused him to be placed in solitary after he was transferred to Racine) and (2) that the other defendants subjected him to sexual harassment at Racine. The plaintiff has brought unrelated claims in a single case. Under Federal Rule of Civil Procedure 18(a), a plaintiff may bring multiple claims in a single complaint if he brings those claims against the same party. Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Under Fed. R. Civ. P. 20(a)(2), a plaintiff can sue multiple defendants in the same complaint only if he asserts the same claim against all of them, or if "any question of law or fact common to all defendants will arise" in the case. Under these rules, "[u]nrelated claims against different defendants belong in different suits," to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. George, 507 F.3d at 607.

The plaintiff's complaint violates Rules 18 and 20 because it brings unrelated claims—the claim that Sawall and Meisner retaliated against the plaintiff for reporting staff misconduct and the claim that the Racine defendants subjected him to sexual harassment—against multiple defendants—Meisner and Sawall for the retaliation claim and the remaining defendants for the sexual harassment claims. Such complaints "should be rejected." Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011) (citing George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)). The court will not allow the plaintiff to proceed on the original complaint. He will need to decide which of the two claims he wants to pursue in this case—the retaliation claim against Sawall and Meisner or the sexual harassment claims against the Racine defendants. He may file an amended complaint in this case, containing only those facts that relate to whichever claim he chooses to pursue in this case. He must file a second, separate complaint (a separate case) if he wants to pursue the other claim.

Because an amended complaint supersedes a prior complaint, the court deems "withdrawn" any claims or factual allegations that the plaintiff does not lay out in the amended complaint. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056 (7th Cir. 1998). If the plaintiff files an amended complaint, he must use the court's form complaint (the court will include a blank copy with this order). He must write the word "Amended" at the top of the first page, next to the word "Complaint." He must write the case number for this case—19-cv-436—in the space for the case number. He must

list as defendants only the defendants who relate to the claim he chooses to pursue in this case. If, for example, he chooses to proceed on the retaliation claim in this case, he must list as defendants only those individuals at Red Granite who he believes retaliated against him; if he chooses to proceed on the sexual harassment claims, he must list as defendants only those individuals at Racine who be believes sexually harassed him. He must repeat in the "Statement of Claim" section of the amended complaint all the facts that support the retaliation claim or the sexual harassment claim (depending on which claim he chooses to proceed in this case). The plaintiff does not need to use fancy, legal language or cite statutes or cases. He just needs to tell the court the "who, what, when, where and why"—who violated his rights, what they did to violate his rights, when they did it, where they did it and, if he knows, why he thinks they did it. If the plaintiff files an amended complaint following these instructions, the court will screen it.

The court advises the plaintiff that 42 U.S.C. §1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." <u>Vance v. Peters</u>, 97 F.3d 987, 991 (7th Cir. 1996). The doctrine of supervisory liability does not apply to cases filed under 42 U.S.C. §1983. <u>See</u> <u>Pacelli v. deVito</u>, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. <u>Id.</u> This means that when choosing whom to name as defendants, the plaintiff should name only those individuals who personally deprived him of his constitutional rights; the

9

fact that someone may have supervised the person who deprived the plaintiff of his constitutional rights does not make the supervisor liable under §1983.

C.  *Conclusion*

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No.2.

The court **ORDERS** that if the plaintiff wants to proceed on one of the two causes of action he raised in the original complaint, he must file an amended complaint that relates only to that claim. The court **ORDERS** that the plaintiff must file that amended complaint in time for the court to receive it by the end of the day on **August 23, 2019**.

If the court does not receive an amended complaint that complies with Rules 18 and 20 by the end of the day on Friday, August 23, 2019, the court will dismiss this case for the plaintiff's failure to diligently pursue it. See Civil L.R. 41(c).

The court **ORDERS** that the agency that has custody of the plaintiff shall collect from his institution trust account the **$349.00** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal

institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

The court further **ORDERS** that the plaintiff shall submit all correspondence and legal material to:

>United States District Court
>Office of the Clerk
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the case.

Dated in Milwaukee, Wisconsin, this 24th day of July, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**