UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DENNIS STRONG,

        Plaintiff,

  v.

STATE OF WISCONSIN, DEPARTMENT OF CORRECTIONS,
WARDEN MICHAEL MEISNER, PAUL KEMPER,
TERRY SAWALL, CO JANE DOE, CO JOHN DOE #1,
and CO JOHN DOE #2,

        Defendants.

Case No. 19-cv-436-pp

---

### ORDER DENYING MOTION FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT (DKT. NO. 15) AND DISMISSING CASE WITHOUT PREJUDICE

---

In the past two and a half years, plaintiff Dennis Strong has filed nine cases in this court. All but two have been dismissed; in one, Strong v. Wisconsin Public Defender, *et al.*, 17-cv-1714, he incurred a "strike" under 28 U.S.C. §1915.

The plaintiff filed the complaint in this case on March 26, 2019. Dkt. No. 1. As the court noted in its screening order, he raised two distinct claims against two sets of defendants at two different institutions—a claim that defendants at Red Granite Correctional Institution falsified statements against him that resulted in unwarranted disciplinary action, and a claim that defendants at Racine Correctional Institution subjected him to sexual harassment. Dkt. No. 8. The court explained to the plaintiff that he could not bring separate, unrelated claims in the same lawsuit. It gave him the

opportunity to file an amended complaint, selecting one or the other of the two claims, by the end of the day on August 23, 2019. Id.

On August 23, the court received from the plaintiff a motion for an extension of time to file the amended complaint. Dkt. No. 10. The plaintiff explained that he'd been transferred to another correctional facility and hadn't had access to his legal materials, but he also stated that he needed more time to expand the factual information in the complaint to "bridge" the events that occurred in Red Granite to those that occurred in Racine. Id. The court simply entered a short order, granting the plaintiff an extension of time until October 25, 2019; it did not comment on the plaintiff's statements about "bridging" the gap between the two claims. Dkt. No. 11.

On October 24, 2019, the court received a second motion for an extension of time from the plaintiff. Dkt. No. 13. This time, the plaintiff explained that he'd been in segregation at one facility, without access to his legal materials, and that he'd then been moved to another facility which, due to lack of storage space, didn't have room for him to organize and review his materials. Dkt. No. 13. This motion repeated the plaintiff's assertion that he was going to amend the complaint to "bridge" the two incidents at the two facilities. Id.

This time, the court issued a more extensive order. Dkt. No. 14. The court stated that it was going to grant the plaintiff's motion for an extension of time, but it expressed concern about his expressed intent to connect the events at Red Granite with the events at Racine. Id. at 2. The court explained that this

was exactly what its screening order had told the plaintiff he could *not* do. Id. The court stated:

> The original complaint alleged that while the plaintiff was at Red Granite, he was the subject of discipline based on false information, and that that discipline landed him in solitary confinement for about two months. It also alleged that while the [plaintiff] was at Racine, he was sexually harassed by staff. These are different allegations against different defendants at different institutions. The court realizes that while the disciplinary hearing and disposition took place at Red Granite, the plaintiff *served* the disposition at Racine. But he says it was the staff at Red Granite that wrongly subjected him to a disciplinary hearing and disposition. He made no allegations that the Racine staff did anything wrong in relation to the *disciplinary* sanction; they just carried it out. The plaintiff made no allegation that the sexual harassment he described at Racine had anything to do with the staff at Red Granite. This is why the court told the plaintiff he needed to pick one or the other of the claims—either his claim about improper disciplinary proceedings by Red Granite staff or his claim about sexual harassment by Racine staff—and pursue that one claim in this lawsuit, and that he must bring a *separate* lawsuit to pursue the other claim. The plaintiff should not be trying to link all of the defendants at the two institutions together in one lawsuit; he should be deciding which *one* claim he wants to pursue in this lawsuit, and drafting a separate complaint to pursue the other claim.

Id. at 2-3. The court extended the deadline for filing the amended complaint to January 8, 2020. Id.

The court did not receive anything from the plaintiff on January 8, 2020. On January 9, 2020—the day *after* the deadline the court set—the court received yet another motion for an extension of time to file the amended complaint. Dkt. No. 15. This motion indicates that the plaintiff has identified material facts that he needs to incorporate into the amended complaint, and he refers the court to a criminal case in Outagamie Circuit Court, State v. Strong, 11CF05. Id. at 2. He talks about his appellate lawyer filing a motion in that

3

case, how he'd given permission for his appellate lawyer and his trial lawyer to speak to each other, and how "the defendant's in this action . . . improperly denied" his trial lawyer access to a prearranged conference call with the plaintiff on September 5, 2019. Id. at 2-3. He alleges that prison officials also denied his appellate counsel the right to visit him at the prison after the denial of the conference call. Id. at 3. He says he needed to talk to counsel, so that he could prepare for a hearing he had scheduled in Outagamie County Circuit Court on September 13, 2019. Id. He then talks about how he was required to appear at a 2018 sentencing hearing by video instead of in person, contrary to law. Id. at 4.

In the middle of the fifth page of the motion, the plaintiff shifts to discussing the confidential informant summary he referenced in the original complaint, the one he says contained false statements used to subject him to unwarranted discipline. Id. at 5. He says the statement indicated that an informant had represented that the plaintiff approached the informant claiming that the plaintiff was talking to lawyers about suing the state of Wisconsin; the plaintiff says that he'd been talking to his trial lawyer about his concerns about prison misconduct. Id.

The plaintiff says that based on the alleged informant's statements and the denial of his access to his trial lawyer in September 2019 and the fact that he was sentenced by video in 2018, it is "clearly evident" that prison officials were trying to prevent him from talking with his lawyer about misconduct of prison officials. Id. at 6. He says this is why he needs the extension of time—to

4

research this information and "articulate the same into the amended complaint." Id.

      None of this has anything to do with the two claims that the plaintiff raised in the original complaint, or with the court's order—stated twice now—that the plaintiff needed to select one or the other claim to pursue in this case. The plaintiff has had four and a half months—since July 2019—to do one, simple thing: select one of his two claims, put it on a complaint form, add the word "amended" at the top of the first page and file it. The court has tried to accommodate the fact that the plaintiff has moved from Racine to Oshkosh to Kettle Moraine since filing his case, understanding that when an inmate changes facilities, it can take time for his legal materials and other papers to follow him. But the plaintiff has had enough time to copy one of his two claims into a new complaint form and file it. He has refused to do so, focusing on collecting new information and adding new allegations—exactly the opposite of what the court has directed him to do. It appears that he does not intend to follow the court's direction, despite the court making those directions clear on two different occasions.

      The court **DENIES** the plaintiff's motion for extension of time to file amended complaint. Dkt. No. 15.

      The court **ORDERS** that this case is **DISMISSED without prejudice** for failure to follow the court's instructions and for failure to amend the complaint as the court required.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 13th day of January, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**